Filed 4/22/15  In re A.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | |
| | D067273 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J517275A) |
| v. | |
| TRAVIS B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Neil R. Trop, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Travis B. appeals an order denying reunification services to him under Welfare and Institutions Code[1] section 361.5, subdivision (b)(10). We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Travis B. is the father of A.B., who is now seven years old. He has not seen her since she was two years old. A.B.'s mother had mental health problems. A.B. lived with her maternal grandmother and stepgrandfather. In September 2014, the San Diego County Health and Human Services Agency (Agency) initiated dependency proceedings on A.B.'s behalf because of ongoing domestic violence between her mother and grandmother. A.B. said "mommy punched grandma and then grandma punched mommy."

A.B. was articulate and had age appropriate motor skills. The Agency did not approve the maternal grandmother for placement because she had a child welfare and criminal history, and was currently married to a registered sex offender. The Agency placed A.B. in foster care.

Travis told a social worker he last saw A.B. when he was released from prison in 2010. He was currently unable to care for her because he did not have a job or stable residence. Travis was also involved in a dependency case concerning his infant son (sibling). The sibling was detained in protective custody at birth in March 2014, because of the mother's mental health problems. The Agency could not place the sibling with Travis (as a nonoffending parent) because of his history of substance abuse, current drug

<hr />

[1]     Further statutory references are to the Welfare and Institutions Code.

use, and extensive criminal history. Travis did not participate in court-ordered reunification services in his son's case. At the sibling's six-month review hearing on November 19, 2014, the court terminated reunification services and set a section 366.26 hearing.

The jurisdiction and disposition hearing in A.B.'s case was held on December 30, 2014. Travis notified his attorney he was unable to attend the hearing and authorized his attorney to proceed in his absence. The juvenile court received the Agency's reports in evidence and took judicial notice of the sibling's file. The parents and A.B. did not present affirmative evidence or cross-examine the social worker.

The Agency recommended providing reunification services to A.B.'s mother. It asked the court to deny reunification services to Travis[2] under section 361.5, subdivision (b)(10), which permits the court to deny reunification services to a parent when the court has terminated services for a sibling of the child and the parent has not subsequently made a reasonable effort to treat the problems that led to the removal of the sibling from the parent's care. The social worker said Travis did not make any effort to visit A.B. or to participate in services in her case.

The Agency reported that in April 2014, the court had ordered Travis to comply with his case plan, consisting of substance abuse treatment, random drug testing, and parenting classes. In April, Travis tested positive for methamphetamine, cocaine, and marijuana. He met with a substance abuse specialist (SAS) in May but did not appear for

---

[2]    The juvenile court found that Travis was A.B.'s statutorily presumed father. (Fam. Code, § 7611, subd. (d).)

3

intake at the recommended treatment center. The social worker met with Travis and gave him additional referrals. In July, Travis failed to keep his appointment with an SAS. He did not show for drug testing in August. The social worker gave him another referral to the SAS. Travis tested positive for marijuana in early September. Travis met with an SAS in September, but did not attend orientation at the recommended program, complaining that the program was too long. He said he was willing to attend a substance abuse program for an hour several times a week. Travis did not complete another drug test because he did not have any identification with him. The social worker encouraged Travis to meet with an SAS and obtain a referral to another substance abuse treatment program. There is no indication he did so. Travis attended an intake session and one class of a parenting education program in October, but not did return. On December 10, when a social worker asked Travis to drug test, he reported he had used marijuana that morning.

Through his attorney, Travis asserted A.B. knew he was her father. He requested reunification services, saying he loved his daughter and wanted to reunify with her.

The court sustained the dependency petition, removed A.B. from her mother's custody, and found that placement with Travis would be detrimental to A.B. The court ordered a plan of reunification services for A.B.'s mother and set a six-month review for June 15, 2015. The court found there was no evidence to show that Travis made reasonable efforts to treat the substance abuse problems that had led to the sibling's removal from his care, and denied reunification services to him under section 361.5, subdivision (b)(10).

DISCUSSION

Travis contends the denial of reunification services served no useful purpose. He argues his conduct was not so inherently abusive or severe he could never be entrusted with the care and welfare of a child. Further, the denial of reunification services to him did not serve A.B.'s interests in a prompt implementation of a permanency plan because A.B.'s mother was receiving reunification services. Travis maintains it was in A.B.'s best interests to order a plan of reunification services for him. He argues in view of his fundamental interests in A.B.'s care and companionship, and the lack of a rational basis on which to deny the opportunity to reunify, the juvenile court abused its discretion and violated his substantive due process rights when it found that section 361.5, subdivision (b)(10) applied and denied services to him.

Travis's contentions are without merit. Travis implicitly acknowledges there is substantial evidence to support the court's findings under section 361.5, subdivision (b)(10). He did not present any evidence at the hearing to show it was in A.B.'s best interests to grant reunification services to him. (§ 361.5, subd. (b) [court shall not order reunification for a parent described in section 361.5, subd. (b)(10) unless it finds by clear and convincing evidence that reunification is in the child's best interest].) We reject the argument Travis's due process rights were violated by the denial of services. The statutory scheme permits denial of services under certain conditions. Here, Travis does not contest that those conditions exist. In addition, the record permits a reasonable inference that Travis did not have a relationship with A.B. The record shows that Travis had not seen his seven-year-old daughter since she was approximately two years old,

5

never supported her, and made only minimal attempts to contact the social worker to arrange visitation after dependency proceedings were initiated. To the extent Travis wishes to exercise his fundamental interest in being a parent to A.B., he retains the right to seek services during the reunification period by showing changed circumstances and that A.B.'s best interests will be promoted by a modification of the prior order. (§ 388.)

In asserting there is no rational basis to deny services to him, Travis ignores the interests of the state in conserving its resources when a parent has not participated in court-ordered services in a previous case. (§ 361.5, subd. (b)(10); see § 361.5, subd. (b)(13) [court may deny services to a parent who has a history of extensive and chronic substance abuse and has resisted prior court-ordered treatment in the three years prior to the filing of the petition in the current case].) Although there is a presumption in dependency cases that parents will receive reunification services, "section 361.5, subdivision (b) is a legislative acknowledgement 'that it may be fruitless to provide reunification services under certain circumstances.' [Citation]." (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 95-96.)

Section 361.5, subdivision (b)(10) permits the court to deny reunification services where the parent previously failed to reunify with a sibling of the child and the parent subsequently failed to make reasonable efforts to correct the problem that led to the sibling being removed from the parent's custody. "In enacting section 361.5, subdivision (b)(10), 'the Legislature has made the decision that in some cases, the likelihood of reunification is so slim that scarce resources should not be expended on such cases.' [Citation.] 'Inherent in this subdivision appears to be a very real concern for the risk of

6

recidivism by the parent despite reunification efforts.' [Citation.]" (*Cheryl P. v. Superior Court*, *supra*, 139 Cal.App.4th at p. 96.)

We conclude the juvenile court did not abuse its discretion or violate Travis's substantive due process rights when it denied reunification services to him under section 361.5, subdivision (b)(10).

## DISPOSITION

The order denying reunification services to Travis is affirmed.


HALLER, Acting P. J.

WE CONCUR:


McINTYRE, J.


O'ROURKE, J.